**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Janet Gram, | ) | FILED: APRIL 24, 2009 |
| | ) | 09CV2516 |
| Plaintiff, | ) | JUDGE KENDALL |
| | ) | MAGISTRATE JUDGE COLE |
| v. | ) No. | BR |
| | ) | |
| Phillips & Cohen Associates, Ltd., a New Jersey corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Janet Gram, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Janet Gram ("Gram"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt she had owed originally to GE Money Bank/QVC Receivables, but that is now allegedly owed to Portfolio Asset Group.

4. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, P&C was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Gram.

## FACTUAL ALLEGATIONS

5. Ms. Gram is an elderly woman who fell behind on paying her bills. One such debt she was unable to pay was the QVC/Portfolio debt. Accordingly, Ms. Gram sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), regarding her financial difficulties.

6. Accordingly, Ms. Gram's attorney at LASPD wrote Defendant P&C a letter, dated, February 26, 2009, advising Defendant P&C that Ms. Gram was represented by counsel as to this debt, and directing P&C to cease contacting Ms. Gram, and to cease all further collection activities. A copy of this letter is attached as Exhibit A.

7. Nonetheless, Defendant P&C sent a collection letter, dated March 12, 2009, directly to Ms. Gram, demanding payment of the QVC/Portfolio debt. A copy of this letter is attached as Exhibit B.

8. Accordingly, on April 12, 2009, Ms. Gram's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Gram. A copy of this letter is attached as Exhibit C.

9. All of the collection actions at issue occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

13. Defendant knew that Ms. Gram was represented by counsel in connection with this debt because her attorneys had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Gram.  By directly sending Ms. Gram the March 12, 2009 collection letter, despite being advised that Ms. Gram was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

14. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the February 26, 2009 letter (Exhibit A) from Ms. Gram's LASPD attorney told Defendant P&C to cease communications, and that Ms. Gram refused to pay the debt. By continuing to communicate regarding this debt and demanding payment, Defendant P&C violated § 1692c(c) of the FDCPA.

18. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Janet Gram, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gram, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Janet Gram, demands trial by jury.

5

        Janet Gram,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated:  April 24, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com